# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NITA DUNCAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-1200-D |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Nita Duncan brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.[1] United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (Doc. No. 11, hereinafter "R. _").[2] The parties have briefed their positions, and the

---

[1] Though Plaintiff applied for SSI under Title XVI of the Social Security Act, Plaintiff's brief states that she is seeking judicial review of the denial of her application for "disability insurance benefits," which are benefits under Title II of the Social Security Act, and cites to SSA regulations governing Title II, rather than those governing Title XVI. Because the pertinent regulations are the same for both programs, the undersigned will review Plaintiff's claims as if she had properly cited the correct legal authority.

[2] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

case is now ready for decision. For the reasons set forth below, the undersigned recommends that the Commissioner's decision be affirmed.

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for SSI on June 20, 2012. R. 168-73, 188-89. Following denial of Plaintiff's application initially and on reconsideration, an Administrative Law Judge ("ALJ") held a hearing. R. 26-44, 46-71. The ALJ issued an unfavorable decision on June 26, 2014. R. 10-21. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-4; *see* 20 C.F.R. § 416.1481. Plaintiff then filed this action for judicial review.

## ADMINISTRATIVE DECISION

As relevant here, a person is "disabled" within the meaning of the Social Security Act if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 20, 2012. R. 12. At step two, the ALJ determined that Plaintiff had the severe impairments of: "chronic lower back pain; controlled hypertension; anxiety disorder, not otherwise specified; and, bipolar I disorder." R. 12. At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of

the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). R. 12-14.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her medically determinable impairments. R. 14-20. The ALJ found:

> [Plaintiff] has the [RFC] to perform medium work . . . except [Plaintiff] is able to understand, remember, and carry out simple tasks and instructions. [Plaintiff] is able to interact appropriately with supervisors and coworkers on an occasional superficial work basis, but not the general public.

R. 14-15; *see* 20 C.F.R. § 416.967(c) (defining "medium" work).

At step four, the ALJ found that Plaintiff's RFC allowed her to perform her past relevant work as a housekeeper. R. 20-21. Therefore, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 21.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a

whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

Plaintiff argues that the ALJ failed to include in the RFC "proper physical limitations" and "proper mental limitations" resulting from the severe impairments found at step two. Pl.'s Br. (Doc. No. 15) at 2, 2-4, 4-10.

*A. Physical Limitations*

Plaintiff asserts that the ALJ erred by failing to include in the RFC "any" limitation relating to Plaintiff's chronic low back pain. *See id.* at 2-4. In making this assertion, Plaintiff does not point to any specific work-related functional limitation that she contends is supported in the record, but instead argues that the ALJ's step two finding that Plaintiff's chronic low back pain was a severe impairment required the ALJ to include some unspecified limitation in the RFC. *See id.* at 3-4 ("Although the ALJ found that the claimant's chronic pain was a severe impairment[,] he failed to include any limitations related to it in the claimant's RFC." "If the ALJ was not going to include any limitations for the severe impairments in the RFC, he should not have found any severity." (citation omitted)).

As an initial matter, contrary to Plaintiff's premise the ALJ's RFC determination included restrictions relating to Plaintiff's back pain and other severe physical impairments—the restrictions inherent in a limitation to medium-exertion work. *See* R. 14. As the Tenth Circuit has explained:

> A claimant's RFC to do work is what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments: the claimant's maximum sustained work capability. The decision maker first determines the type of work, based on physical exertion (strength) requirements, that the claimant has the RFC to perform. In this context, work existing in the economy is classified as sedentary, light, medium, heavy, and very heavy. To determine the claimant's "RFC category," the decision maker assesses a claimant's physical abilities and, consequently, takes into account the claimant's exertional limitations (*i.e.*, limitations in meeting the strength requirements of work).

*Williams v. Bowen*, 844 F.2d 748, 751-52 (10th Cir. 1988) (footnotes omitted). Under the regulations, medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). Despite Plaintiff's suggestion that the limitation to medium work should be disregarded as only a "strength demand," Plaintiff's claim that the RFC did not contain "any" physical limitation is inaccurate. *See* Pl.'s Br. at 3, 4.[3]

Further, "a finding that an impairment is severe at step two is not determinative of the claimant's RFC." *Johnson v. Berryhill*, No. 16-1076, 2017 WL 603830, at *3 (10th

---

[3] Elsewhere in her brief, Plaintiff argues that the ALJ erred in finding that Plaintiff could perform medium exertional work because "[t]here is no medical finding in the file supporting [that] position." Pl.'s Br. at 10. The Tenth Circuit has rejected the argument that an ALJ may not determine a claimant's RFC absent a directly corresponding medical opinion, stating that "it is ultimately the ALJ's responsibility, not a physician's, to assess a claimant's RFC from the medical record." *See Berumen v. Colvin*, 640 F. App'x 763, 765-66 (10th Cir. 2016) (citing *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012)).

5

Cir. Feb. 15, 2017). The mere fact of a step two finding of a severe impairment does not mandate a matching limitation in the RFC. *See McAnally v. Astrue*, 241 F. App'x 515, 518 (10th Cir. 2007) (affirming denial of benefits and noting that "with regard to her [severe impairments], the claimant has shown no error by the ALJ because she does not identify any functional limitations that should have been included in the RFC assessment or discuss any evidence that would support the inclusion of any limitations" (alterations and internal quotation marks omitted)); *Prevost v. Colvin*, CIV-15-1393-STE, 2016 WL 6459807, at *3 (W.D. Okla. Oct. 31, 2016) (finding no error when plaintiff alleged that "ALJ failed to 'translate' severe impairments into the RFC" but identified no specific work-related limitations and did not provide record citations to support his argument); *Valdez-Powell v. Colvin*, 13-CV-03145-PAB, 2015 WL 5719646, at *5 (D. Colo. Sept. 30, 2015).

"The question is not whether the RFC recounts or lists the 'severe' impairments found at step two, but whether the RFC accounts for the work-related limitations that flow from those impairments." *Cavalier v. Colvin*, 13-CV-651-FHM, 2014 WL 7408430, at *2 (N.D. Okla. Dec. 30, 2014). Here, Plaintiff has not identified in the record any work-related functional limitation necessitated by her chronic low back pain that exceeds the limitations reflected in the reduced exertional category of medium work. "[D]isability requires more than mere inability to work without pain," *Brown v. Bowen*, 801 F.2d 361, 362 (10th Cir. 1986), and it is Plaintiff's burden to identify specific work-related limitations indicating that her pain was so severe as to be disabling. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (noting that the burden is on claimant to establish disability in the first four steps of sequential analysis); *Kirkpatrick v. Colvin*, No. 15-6223, 2016 WL 5920745,

at *2 (10th Cir. Oct. 11, 2016) (rejecting plaintiff's argument regarding the alleged omission of certain limitations in an RFC because "[plaintiff] doesn't explain how [the RFC's] restrictions fail to account" for his impairments and "it isn't our obligation to search the record and construct a party's arguments"). Accordingly, Plaintiff has not met her burden to establish that the ALJ erred in determining the physical limitations of the RFC or that the RFC is not supported by substantial evidence in this regard.[4]

B. *Mental Limitations*

Plaintiff asserts a variety of arguments concerning the ALJ's analysis of her severe mental impairments of anxiety disorder and bipolar disorder. Each of these assertions is unavailing.

1. <u>The ALJ did not err by failing to include in the RFC his step two findings that a mental impairment was severe</u>

Similarly to the argument discussed above, Plaintiff asserts that "[t]he severe mental impairments must cause some work-related limitation and therefore a limitation for them must be in the RFC." Pl.'s Br. at 4. Again, Plaintiff's argument is based on an incorrect understanding of the RFC. The ALJ found that Plaintiff's mental impairments resulted in an RFC whereby Plaintiff can only "understand, remember, and carry out simple tasks and instructions"; can only "interact appropriately with supervisors and coworkers on an

---

[4] Plaintiff also argues that it was "inconsistent" for the ALJ to assess an RFC for medium-exertion work but to find that Plaintiff could perform her prior relevant work, which requires a light exertional level. Pl.'s Br. at 10. SSA regulations expressly state, however, that a claimant who can perform medium work will be found to also be able to perform sedentary and light work. *See* 20 C.F.R. § 416.967(c).

7

occasional superficial work basis"; and can have no interaction with the general public. R. 14-15.

As explained above, the fact that the ALJ found a severe impairment at step two does not mandate that a matching limitation be incorporated into the RFC. *See* discussion *supra*. Because the RFC includes mental limitations and Plaintiff has not identified in the record any limitation relating to her mental impairments that *exceeds* the limitations reflected in the RFC, her argument that "a limitation for [the severe mental impairments] must be in the RFC" fails.

2. <u>The ALJ's RFC meets the requirement to express limitations in terms of work-related functions</u>

Plaintiff contends that a limitation to unskilled work or simple tasks "did not properly account for Plaintiff's [mental] impairments" and that the "RFC and hypothetical to the VE were not properly expressed in work-related limitations." Pl.'s Br. at 4-7. In support, Plaintiff cites cases stating that an RFC restriction to simple or unskilled work, without more, is insufficient to convey the distinct mental limitations supported by a claimant's record. *See Jaramillo v. Colvin*, 576 F. App'x 870, 875 (10th Cir. 2014) (holding a limitation to simple, routine, repetitive and unskilled tasks did not clearly relate the specific moderate impairments found by the examining psychiatrist on whose opinion the ALJ placed great weight); *Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012) (noting that a restriction to simple work would likely be insufficient to capture the various functionally distinct mental limitations contained in plaintiff's MRFC); *Groberg v. Astrue*, 505 F. App'x 763, 770 (10th Cir. 2012) (holding ALJ's hypothetical asking VE to identify

8

"simple work" or "unskilled jobs" was insufficient to address claimant's mental limitations); *Wayland v. Chater*, 1996 WL 50459 *2 (10th Cir. Feb. 7, 1996) (holding ALJ's failure to include in hypothetical any mental limitations beyond restricting claimant to unskilled work was insufficient to account for claimant's particular cognitive and emotional impairments).

Plaintiff again relies on an incorrect premise. Here, the ALJ did not limit Plaintiff to simple or unskilled work *without more*. Rather, in addition to setting a skill level of unskilled work, the ALJ in the RFC limited Plaintiff to (1) "understand[ing], remember[ing], and carry[ing] out simple tasks and instructions," (2) "interact[ing] appropriately with supervisors and coworkers on an occasional superficial work basis," and (3) not interacting with the general public. R. 14-15.[5] These three additional nonexertional restrictions are work-related functional limitations and expressed as such. *See* SSR 96-8p, 1996 WL 374184, at *6 (stating that "nonexertional capacity [which includes mental limitations] must be expressed in terms of work-related functions" or "[w]ork-related mental activities"). The Tenth Circuit in *Jaramillo* recognized, as Plaintiff concedes, that the ability "'to understand, carry out, and remember simple instructions'" is a "work-related mental function[]." *Jaramillo*, 576 F. App'x at 875 (quoting SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985)); *see* Pl.'s Br. at 5. Likewise, the Tenth Circuit in *Jaramillo*

---

[5] Plaintiff also misstates the record in contending that the ALJ found the severe mental impairments of "anxiety, depression, learning disorder and mood disorder." Pl.'s Br. at 4. The ALJ actually found severe impairments of anxiety disorder and bipolar I disorder. *See* R. 12.

9

recognized that the ability to "'respond appropriately to supervision [and] coworkers'" is a work-related mental function. *Jaramillo*, 576 F. App'x at 875 (quoting SSR 85-15, 1985 WL 56857, at *4). And a restriction that Plaintiff not interact with the general public is a work-related mental function even if not expressly listed as such in the regulations. *See Goleman v. Colvin*, No. CIV-15-972-HE, 2016 WL 3556958, at *2 (W.D. Okla. May 6, 2016) (R. & R.), *adopted*, 2016 WL 3566688 (W.D. Okla. June 24, 2016) (rejecting argument that restrictions imposed in addition to a limitation to simple work, including restriction that plaintiff was unable to have contact with the general public, were not expressed in terms of work-related functions); *Lee v. Colvin*, No. CIV-13-772-F, 2014 WL 7365934, at *7 (W.D. Okla. Dec. 24, 2014), *aff'd*, 631 F. App'x 538 (10th Cir. 2015) (finding that MRFC findings including restriction that plaintiff could not relate to the general public were expressed in terms of work-related functions); *cf. Orso v. Colvin*, No. CIV-14-408-FHS-KEW, 2015 WL 5691048, at *3 (E.D. Okla. Sept. 28, 2015), *aff'd*, 658 F. App'x 418 (10th Cir. 2016) (finding that ALJ's restrictions, including that plaintiff could have occasional contact with the general public, were stated in sufficiently work-related functional terms to meet the requirements of regulations and case authority).[6]

---

[6] Plaintiff asserts that cited case law holds that "no public interaction" "is not a mental work-related impairment." Pl.'s Br. at 7. The cases cited by Plaintiff do not stand for that holding. Instead, as set forth above, they stand for the proposition that a restriction to simple or unskilled work, without more, may be insufficient to convey the various mental limitations supported by a claimant's record. *See* discussion *supra*; *see also Goleman*, 2016 WL 3556958, at *2 (rejecting argument that restrictions were not were not expressed in terms of work-related functions when plaintiff failed to direct the court to any relevant authority).

Thus, Plaintiff's attempt to compare the RFC determination in her case to those criticized in the authorities she cites is unsuccessful.[7] This argument fails. *See Rowland v. Colvin*, No. CIV-15-741-M, 2016 WL 4705732, at *6 (W.D. Okla. June 27, 2016) (R. & R.), *adopted*, 2016 WL 4705593 (W.D. Okla. Sept. 8, 2016) (finding that ALJ's limitation to "understand, remember, and carry out simple, routine, and repetitive tasks," combined with the *additional* limitation that plaintiff have only "occasional contact with the general public" was "sufficient to express [p]laintiff's mental impairments in terms of work-related mental functions"); *Goforth v. Colvin*, No. CIV-15-855-STE, 2016 WL 2889080, at *3 (W.D. Okla. May 17, 2016) (reasoning that while RFC limitation to "simple" work, standing alone, might have been insufficient to account for claimant's mood disorder, the fact that "the ALJ made an *additional* finding which encompassed [claimant's] ability to work with others" was sufficient to account for Plaintiff's mental impairment).

   3. The ALJ did not err by failing to include in the RFC findings he made regarding the "paragraph B" criteria

In the course of his step three analysis, the ALJ evaluated whether Plaintiff satisfied what are known as the "paragraph B" criteria for mental Listings, finding that Plaintiff has

---

[7] Even if this were not so, the Tenth Circuit has clarified that restrictions "to understanding, remembering, and carrying out only simple instructions and making only simple work-related decisions" in an RFC—"or even a limitation to 'unskilled work'—can adequately account for a claimant's mental impairments, depending on their nature." *Richards v. Colvin*, 640 F. App'x 786, 790 (10th Cir. 2016) (*citing Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015)); *accord Shelton v. Colvin*, No. 15-6220, 2016 WL 6087652, at *3 (10th Cir. Oct. 18, 2016); *Smith v. Colvin*, 821 F.3d 1264, 1268-69 (10th Cir. 2016); *see also Evans v. Colvin*, 640 F. App'x 731, 739 (10th Cir. 2016) ("[O]ur case law . . . leaves open the possibility that, in the right circumstances . . . a limitation to unskilled work can account for even moderate limitations in mental functions.").

moderate difficulties in the functional categories of social functioning and concentration, persistence, or pace. R. 13-14 (specifically considering the Listings in 20 C.F.R. pt. 404, subpart P app. 1 §§ 12.04(B), 12.06(B)). Plaintiff argues that because the ALJ made these findings, corresponding limitations should have been included in the RFC. Pl.'s Br. at 4.

The Tenth Circuit has rejected the argument that an ALJ must incorporate "paragraph B" criteria findings of moderate limitations into an RFC finding. *See, e.g.*, *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015) ("The ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment."); *Fulton v. Colvin*, 631 F. App'x 498, 506 (10th Cir. 2015) (rejecting plaintiff's contention that "the ALJ erred by not including in his RFC finding a moderate limitation in concentration, persistence, or pace" because while the ALJ found moderate limitations at step three, the medical record did not support "moderate limitations in these abilities for RFC purposes"). As noted, the RFC includes certain mental limitations. Plaintiff does not point to any evidence in the record or otherwise support her argument that the ALJ should have included in the RFC any limitation related to social functioning or concentration, persistence, or pace that *exceeds* the mental limitations reflected in the RFC. This argument fails.

4. <u>The ALJ did not err by failing to include in the RFC certain findings made by state agency psychologists</u>

Plaintiff also asserts that the ALJ "failed to properly adopt" the opinions of state agency psychologists that Plaintiff was "moderately limited in the ability to perform detailed work, or understand, remember, and carry out detailed instructions and was limited

to simple tasks, could only relate to others on a superficial basis, and adapt to a work situation and has moderate impairments in activities of daily living, social functioning." Pl.'s Br. at 7-8.[8] To the extent a point can be discerned, Plaintiff appears to argue that these listed findings—which are stated in a Psychiatric Review Technique ("PRT") form and a Mental Residual Functional Capacity ("MRFC") form completed by Laura Lochner, PhD, and affirmed by Edith King, PhD, *see* R. 51-53 (Dr. Lochner's PRT), 53-55 (Dr. Lochner's MRFC), 64-66 (Dr. King's PRT), 67-69 (Dr. King's MRFC)—should have been included in the RFC. The ALJ assigned the opinions of these psychologists "substantial weight," a conclusion that Plaintiff does not challenge. R. 20; *see* Pl.'s Br. at 7.

Again, Plaintiff makes no effort to compare the mental limitations in the RFC to Drs. Lochner and King's PRT and MRFC findings *and explain how the RFC does not account for Plaintiff's mental impairments*. The undersigned, upon making such a comparison, observes no relevant distinction much less one that is unsupported by the record. In the concluding narrative of their MRFCs, Drs. Lochner and King found that Plaintiff can perform only simple tasks with routine supervision, can relate to supervisors and peers on only a superficial work basis, and cannot relate to the general public. R. 55, 68. In the RFC, the ALJ limited Plaintiff to understanding, remembering, and carrying out only simple tasks and instructions, interacting with supervisors and coworkers on only an

---

[8] Plaintiff claims that the state agency doctors found that she had "moderate limitations in activities of daily living." Pl.'s Br. at 7. This is incorrect; both Dr. Lochner and Dr. King found that she had only mild restriction in activities of daily living. *See* R. 52, 65.

13

occasional and superficial work basis, and having no interaction with the general public. R. 14-15.

What is left of Plaintiff's argument is the suggestion that merely because the ALJ adopted Drs. Lochner and King's opinions, he was required to incorporate preliminary findings from their PRT and MRFC forms into the RFC, verbatim. That proposition has been rejected by the Tenth Circuit in the context of PRT ratings, which are used to assess the severity of mental impairments for purposes of step two and step three. *See* 20 C.F.R. § 416.920a; *Wells v. Colvin*, 727 F.3d 1061, 1068 (10th Cir. 2013); *Bales v. Colvin*, 576 F. App'x 792, 797-98 (10th Cir. 2014) (finding "no error in the ALJ not importing [the claimant's] limitations identified generally on the PRT forms into the more detailed RFC determination"); *accord Lull v. Colvin*, 535 F. App'x 683, 685-86 (10th Cir. 2013). It has also been rejected by the Tenth Circuit in the context of the preliminary ratings in an MRFC form that are used to inform the physician's final, narrative assessment. *See Fulton*, 631 F. App'x at 502 (holding that so long as "a psychologist's Section III narrative does not contradict any Section I limitations and describes the effect each Section I limitation would have on the claimant's mental RFC, the ALJ may properly look to only the Section III narrative as the psychologist's opinion regarding mental RFC")[9]; *accord Carver v. Colvin*, 600 F. App'x 616, 619 (10th Cir. 2015).

---

[9] The MRFC forms used by Drs. Lochner and King do not reflect the "Section I" and "Section III" labels but do separate the requested findings into preliminary ratings and a narrative conclusion. *See* R. 55, 68-69. Plaintiff has not argued, and the undersigned's review of the record does not show, that either psychologist's narrative conclusion contradicts or fails to describe the limitations contained in that psychologist's preliminary

14

In sum, Plaintiff does not point to any limitation identified in these psychologists' PRT and MRFC forms that, alone or in combination with other record evidence, required the inclusion of a specific functional limitation in the RFC other than those determined by the ALJ. This argument fails.[10]

### 5. The ALJ's hypothetical to the VE adequately conveyed all functional limitations found by the ALJ and included in the RFC

Plaintiff contends that the ALJ erred by giving a hypothetical to the vocational expert ("VE") at the administrative hearing that included "no mental health restrictions but used the same RFC as in his opinion," arguing that "the ALJ's reliance on the jobs provided by the VE in response to the hypothetical is not supported by substantial evidence." Pl.'s Br. at 7, 9. To the contrary, the ALJ in his hypothetical to the VE included all impairments and functional limitations "borne out by the evidentiary record" and ultimately set forth in the ALJ's RFC determination, which is supported by substantial evidence as outlined above. *See Jaramillo*, 576 F. App'x at 876 (internal quotation marks omitted). *Compare* R. 41, *with* R. 14-15. A hypothetical posed to the VE is sufficient if "it contained all of the limitations found to exist by the ALJ." *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000).

---

ratings. *See* Pl.'s Br. at 7-8.

[10] Plaintiff also argues that the ALJ "cherry-pick[ed]" the opinions of the state agency psychologists. Pl.'s Br. at 8. Other than asserting that preliminary findings should have been included in the RFC, Plaintiff provides no explanation or support for this argument. *See* Pl.'s Br. at 7-8. For the reasons set forth above, this argument fails.

15

## RECOMMENDATION

For all of these reasons, Plaintiff has not shown that the ALJ legally erred in assessing Plaintiff's RFC or that the RFC determination is not supported by substantial evidence. Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be AFFIRMED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any such objections must be filed with the Clerk of this Court by March 3, 2017. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 17th day of February, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE